UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DURMON TROY BUTLER, III,

        Petitioner,                            Case Number: 18-cv-13923
                                                               Honorable Thomas L. Ludington

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS AND DISMISSING PETITION WITHOUT PREJUDICE

Michigan state prisoner Durmon Troy Butler, III, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner was convicted in the Macomb County Circuit Court of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), second-degree home invasion, Mich. Comp. Laws § 750.110a(3), and attempted third-degree home invasion, Mich. Comp. Laws § 750.110a(4). Now before the Court is Petitioner's motion to stay these proceedings so that he can raise unexhausted claims in state court. Petitioner's motion for a stay will be denied and the petition dismissed without prejudice.

### I.

Petitioner was charged in two separate cases in Macomb County Circuit. In the first, case no. 15-003578, he pleaded no contest to first- and second-degree home invasion. In the second, case no. 16-003997, he pleaded no contest to attempted third-degree home invasion. He was sentenced as a fourth habitual offender to 12 to 30 years for first-degree

home invasion, 7 to 30 years for second-degree home invasion, and 1 year, 2 months to 15 years for attempted third-degree home invasion. Petitioner filed applications for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Butler, III,* No. 339183 (Mich. Ct. App. Sept. 7, 2017); *People v. Butler, III*, No. 339184 (Mich. Ct. App. Sept. 7, 2017). Petitioner then sought leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal, *People v. Butler, III,* 501 Mich. 1038 & 501 Mich. 1040 (Mich. Apr. 3, 2018), and denied reconsideration, *People v. Butler, III*, 502 Mich. 942 (Mich. July 27, 2018).

Petitioner filed his federal habeas petition on December 13, 2018.

## II.

Petitioner seeks a stay in this matter while he exhausts his state court remedies for additional claims which he did not present in state court on direct appeal. Petitioner has not shown that he would lack sufficient time under 28 U.S.C. § 2244(d) to file a fully exhausted petition if his original petition is dismissed without prejudice. The motion will be denied.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for

the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 653-54 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied Petitioner's motion for reconsideration on

July 27, 2018, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on October 25, 2018. The one-year limitations period commenced the next day, October 26, 2018. Petitioner filed the pending petition on December 13, 2018, after approximately 49 days of the limitations period elapsed. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any additional properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has adequate time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay. Lastly, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." The state courts should be given a fair opportunity to rule upon those claims. Given the foregoing circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

**III.**

Petitioner's motion to stay will be denied and his petition dismissed without prejudice. If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the a certificate of appealability will be denied.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's motion to stay, ECF No. 6, is **DENIED**.

It is further **ORDERED** that Petitioner's petition for habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Respondent's Motion to Dismiss, ECF No. 9, is **DENIED as MOOT**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: June 24, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Durmon Troy Butler III** #245025, GUS HARRISON CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221 by first class U.S. mail on June 24, 2019.

s/Kelly Winslow
KELLY WINSLOW